# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHRISTOPHER A. THORNSBERRY**  **PLAINTIFF**
**ADC #169180**

V.                    NO. 4:24-cv-00538-DPM-ERE

**BRIAN T. PERKINS,** *et al.*                **DEFENDANTS**

## ORDER

*Pro se* plaintiff Christopher A. Thornsberry, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. This Order identifies deficiencies (or problems) in Mr. Thornsberry's complaint and gives him the opportunity to file an amended complaint.

### I.   Pleading Deficiencies

Mr. Thornsberry's complaint alleges that: (1) Sergeant Brian T. Perkins has issued him false disciplinaries in retaliation for Mr. Thornsberry filing grievances against him; (2) Sergeant Perkins has harassed him; (3) Sergeant Perkins has contaminated his food; (3) Major Roosevelt Barden, Warden James Gibson, and Deputy Warden Brandon Carroll have acted with deliberate indifference to his safety by ignoring Defendant Perkins' conduct; and (4) Disciplinary Hearing Officer Keith L. Waddle and Disciplinary Hearing Judge Justine M. Minor violated his due process rights by denying him the right to call witnesses and present evidence at his disciplinary hearing. Mr. Thornsberry sues Defendants in both their official and

individual capacity seeking monetary damages.

Although Mr. Thornsberry has stated a retaliation claim against Defendant Perkins, the Court will postpone the screening process to give Mr. Thornsberry the opportunity to file an amended complaint clarifying his other constitutional claims.[1] If Mr. Thornsberry fails to file an amended complaint, the Court will screen Mr. Thornsberry's original complaint, which is likely to result in the dismissal of some of Mr. Thornsberry's claims.

### A. Harassment – Defendant Perkins

Mr. Thornsberry alleges that Defendant Perkins verbally threatened him on multiple occasions. Such conduct does not rise to a constitutional level. See *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) ("Verbal threats do not constitute a constitutional violation"). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788,

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation).

B.     **Contamination of Food – Defendant Perkins**

To state a plausible Eighth Amendment violation due to food contamination, Mr. Thornsberry must allege facts, if taken as true, are sufficient to support an inference that prison officials were deliberately indifferent to his dietary needs. See *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir.1992). Here, Mr. Thornsberry alleges that he has been "injured physically by starvation affects my physical health" due to Defendant Perkins' conduct. *Doc. 2 at 9*. Mr. Thornsberry pleads no supporting facts. Mr. Thornsberry's conclusory and speculative allegations fail to state a plausible constitutional claim. See *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

C.     **Deliberate Indifference – Defendants Barden, Gibson, and Carroll**

To state a plausible deliberate indifference claim, Mr. Thornsberry must allege facts, if taken as true, are sufficient to support an inference that: (1) objectively, he was incarcerated under conditions posing a substantial risk of serious

3

harm; and (2) subjectively, Defendants were "deliberately indifferent" to that risk. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). "The second requirement is a subjective test; a defendant must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id*. (quoting *Farmer*, 511 U.S. at 837).

Deliberate indifference describes a state of mind "akin to criminal recklessness." *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)). "This onerous standard requires a showing 'more than negligence, more even than gross negligence,' but less than 'purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate[.]'" *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (quoting *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (first quote) and *Schaub v. VonWald*, 638 F.3d 905, 914–15 (8th Cir. 2011) (second quote)).

Mr. Thornsberry's complaint fails to include any facts to support an inference that Defendants Gibson, Carroll, or Waddle were aware of any *serious* risk of harm that Defendant Perkins posed to his health or that they *deliberately* ignored any such risk. Accordingly, Mr. Thornsberry's complaint fails to state a plausible deliberate indifference claim against these Defendants.

### D. Due Process – Defendants Waddle and Minor

To state a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Mr. Thornsberry's due process claim must be based on the denial of a liberty interest. Absent a constitutionally protected liberty interest, Mr. Thornsberry has no cognizable claim for relief under § 1983.

In his complaint, Mr. Thornsberry fails to state what punishment he received as a result of the disciplinary conviction at issue. Accordingly, the Court cannot determine whether he was entitled to any due process protection. If Mr. Thornsberry seeks to proceed on this claim, in his amended complaint, he must explain what punishment he received as a result of the disciplinary conviction at issue.

### II. Guidelines for Filing Second Amended Complaint

Mr. Thornsberry has thirty days to file an amended complaint. If Mr. Thornsberry files an amended complaint, he should explain: (1) how Defendant Perkins posed a substantial risk of harm to his safety; (2) how Defendants Barden, Gibson, and Carroll were aware of any suck risk; (3) how Defendants Barden, Gibson, and Carroll were deliberately indifferent to any such risk; (4) how any named Defendant was deliberately indifferent to his dietary needs; (5) whether he suffered any physical injury as a result of Defendants' failure to provide him

adequate nutrition; and (5) state what punishment he received as a result of the disciplinary conviction at issue.

Mr. Thornsberry's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Thornsberry should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Thornsberry should not rely upon, or incorporate by reference, any allegations made in his complaint. In other words, Mr. Thornsberry's amended complaint, if filed, will stand alone.

Finally, in his amended complaint, Mr. Thornsberry need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

### IV. Conclusion

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1. Mr. Thornsberry may file an amended complaint within thirty (30) days of the entry of this Order.

2.	If Mr. Thornsberry fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of some of Mr. Thornsberry's claims.

3.	The Clerk is instructed to provide Mr. Thornsberry a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

SO ORDERED 26 June 2024.

_____
UNITED STATES MAGISTRATE JUDGE